UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BERNARD L. CHARBONNET, JR.                CIVIL ACTION
et al

VERSUS                                    NO: 06-3034 c/w
                                          06-3174

CNA INSURANCE COMPANY, et al              SECTION: "J"(2)

## ORDER AND REASONS

Before the Court is a **Motion to Remand** filed by Plaintiffs. **(Rec. Doc. 13)**. Defendant, Transportation Insurance Company ("TIC"), opposes the motion. Oral argument was requested, and the motions were set for hearing on August 30, 2006. However, this Court concludes that oral argument is unnecessary and, therefore, addresses these motions on the briefs alone. After reviewing the memoranda of counsel and applicable law, the Court concludes that Plaintiff's motion to remand should be denied for the reasons that follow.

### Background

Plaintiffs filed two lawsuits in Civil District Court for the Parish of Orleans alleging that TIC breached its contractual

obligation to provide them with a damage estimate and any settlement amounts for property damages allegedly resulting from Hurricane Katrina.  They filed their petitions pursuant to the court's Hurricane Litigation Pilot Program.  On June 13, 2006, Defendant filed notices of removal in this Court, asserting that diversity jurisdiction exists. These two cases were consolidated in this Court.  Thereafter, Plaintiffs filed the instant motion to remand the actions to state court.  (Rec. Doc. 13).

## The Parties' Arguments

Essentially, Plaintiffs make three arguments to support their motion to remand.  First, Plaintiffs claim that the state court has jurisdiction over this case, which alleges a cause of action under the Louisiana Insurance Code, based on the McCarren-Ferguson Act, 15 U.S.C. §§ 1011 *et seq*.  Specifically, Plaintiffs contend that the act provides for state supremacy in the regulation of the insurance business and preempts federal laws that encroach on that state authority.  Because Plaintiffs filed their claims under the Louisiana Insurance Code, they argue that the McCarren Ferguson Act preempts federal jurisdiction.  In opposition, Defendant asserts that Plaintiffs misinterpret the purpose of the act, which they argue, was never meant to limit federal subject matter jurisdiction.

 Second, Plaintiffs claim that permitting Defendants to remove this case to this Court will thwart the purpose of filing

their petitions in state court through the Hurricane Litigation Pilot Program.  In opposition, Defendant argues that Civil District Court's pilot program only functions to facilitate the resolution of claims in that particular court and, in no way, was meant to impede upon a defendant's right to remove a case to federal court when federal subject matter jurisdiction exists.

Third, Plaintiffs assert that complete diversity will not exist if their motion to amend is granted.  In opposition, Defendant notes that Plaintiffs' motion to amend has since been denied.

## Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248, (5th Cir. 1996).  Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states.  28 U.S.C. § 1332.

This is not a typical motion to remand a case that was removed based on diversity jurisdiction.  Instead of asserting the typical arguments regarding diversity of citizenship or the amount in controversy, Plaintiffs essentially make equity arguments in favor of remand.  In sum, they are claiming that federal jurisdiction does not exist because a federal act mandates that insurance disputes be tried only in state courts

and because removal to federal court would interfere with the purpose of a program instituted by a state court.  This Court concludes that neither of these arguments has merit.

First, the McCarran-Ferguson Act protects state statutes, enacted "for the purpose of regulating the business of insurance," from preemption and basically leaves the business of insurance to the states. The act states:

> [n]o act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance … unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b).  The McCarren Ferguson Act, however, does not preempt federal jurisdiction over insurance disputes.  See United States v. Cavin, 39 F.3d 1299, 1305 (5th Cir. 1994).  In fact, as one might imagine, this Court has *several* other hurricane-related insurance disputes properly pending before it, and this case is no different from those cases.

Second, Plaintiffs' assertion that this Court should remand this case because allowing it to remain here would impede the purpose of a program instituted by a state court is clearly without merit and borders on frivolous. The pilot program instituted by Civil District Court in the Parish of Orleans has no bearing on the federal jurisdictional statutes. Plaintiffs' third argument in favor of remand - that complete

diversity will be destroyed if they are allowed to amend their Complaint - is rendered moot because Magistrate Wilkinson denied their Motion to Amend/Correct Complaint (Rec. Doc. 19). This case was properly removed.  Accordingly,

**IT IS ORDERED** that the **Motion to Remand** filed by Plaintiffs. **(Rec. Doc. 13)** should be and is hereby **DENIED**.

New Orleans, Louisiana this ___5th___ day of September, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE